UNITED STATES of America,
Plaintiff—Appellee,

v.

Eliberto RIVERA–DIAZ, Defendant—Appellant.

No. 04–30473.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Pamela J. Byerly, AUSA, Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Kimberly Deater, Esq., Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before O'SCANNLAIN, CALLAHAN and BEA, Circuit Judges.

## MEMORANDUM **

Eliberto Rivera–Diaz appeals his sentence imposed following his guilty plea to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We note that plaintiff Lori Spano is not a party to this appeal.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

unlawfully entering the United States after having been previously deported in violation of 8 U.S.C. § 1326.

Rivera–Diaz contends that the district court erred in applying the Sentencing Guidelines as mandatory when imposing his sentence. Because Rivera–Diaz was sentenced under the then-mandatory Sentencing Guidelines, and we cannot reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory, we remand to the district court to answer that question, and to proceed pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084 (9th Cir.2005) (en banc). *See United States v. Moreno–Hernandez,* —— F.3d ——, 2005 WL 1964483 (9th Cir.2005), *id.* at *9 (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error).

**REMANDED.**